**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CLAYTON WADE WHITEHEAD,

    Plaintiff,

v.                                                       No. 1:20-cv-01087-KWR-KK

TIMOTHY GARCIA, *et al*,

    Defendants.

**ORDER DIRECTING ANSWER AND DISMISSING CERTAIN CLAIMS**

    **THIS MATTER** is before the Court on Plaintiff's Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He alleges Detention Officer Timothy Garcia kicked him and applied a taser without cause. The Complaint raises 42 U.S.C. § 1983 claims for excessive force and cruel and unusual punishment. Plaintiff names two Defendants: Officer Garcia and the Otero County Detention Center (OCDC). The Complaint requests at least $2.5 million in damages. Plaintiff initially filed concurrent claims in New Mexico's Twelfth Judicial District Court and this Court. *See* Doc. 1 at 7 (citing *Whitehead v. Garcia*, Case No. D-1215-CV-2020-628). However, the state proceeding was dismissed without prejudice and without reaching the merits, and only the federal claims remain. *See* Order entered April 16, 2021 in Case No. D-1215-CV-2020-628.

    Having reviewed the matter *sua sponte* pursuant to 28 U.S.C. § 1915(e), the Court finds Plaintiff's claims against Officer Garcia survive initial screening. The Court will direct Officer Garcia to answer the Complaint. To expedite matters, the Clerk's Office will issue notice and waiver of service forms to Officer Garcia at the address listed in Plaintiff's proposed summons dated March 21, 2022 (Doc. 10). As to OCDC, "[a] cause of action under section 1983 requires

the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  It is well settled that detention centers are not "persons" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"); *Aston v. Cunningham*, 2000 WL 796086 at *4 n.3 (10th Cir. 2000) ("a detention facility is not a person or legally created entity capable of being sued").  Accordingly, the Court will dismiss all claims against OCDC with prejudice.

**IT IS ORDERED** that all 42 U.S.C. § 1983 claims set forth in the Complaint (Doc. 1) against Defendant Otero County Detention Center are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order and the Complaint (Doc. 1) to Defendant Timothy Garcia at the address listed in Plaintiff's proposed summons dated March 21, 2022 (Doc. 10).

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**