IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLAYTON WADE WHITEHEAD,

    Plaintiff,

v.                                                                                                              Civ. No. 20-1087 KWR/KK

TIMOTHY GARCIA,

    Defendant.

### ORDER ON MOTION TO SEAL EXHIBITS

Before the Court is Defendant Timothy Garcia's Motion to Seal Exhibits ("Motion") (Doc. 25), filed September 13, 2022, in which he seeks authorization to seal unredacted copies of the exhibits to his *Martinez* Report. Mr. Whitehead did not respond to the Motion and has thus consented to it being granted. D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Having considered the Motion and the unredacted Exhibits to the *Martinez* Report attached to it, and being otherwise fully advised, the Court finds good cause to conditionally grant the Motion.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access … particularly … where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation and quotation marks omitted). Nevertheless, "where the documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker*, 315 F. App'x at 755. The district court must also "consider whether selectively redacting just the … sensitive, and previously undisclosed, information from the sealed … documents and then unsealing the rest" would adequately protect the privacy interests at stake. *Pickard*, 733 F.3d at 1304.

Here, Defendants ask the Court to seal unredacted records relating to: (1) Mr. Whitehead's medical history, treatment and diagnosis containing personally identifying private and confidential information and, (2) non-public Restricted use-of-force and inmate transportation policies containing "security procedures which, if known by inmates or the public, could undermine the safe operation" of the Otero County Detention Center.  (Doc. 25.) The Court concludes that Defendant's concerns are valid and suffice at this juncture to outweigh the presumption in favor of access to judicial records.  However, if in a future order the Court relies on any information that this Order allows to be sealed from the public, the Court may weigh the parties' and the public's interests differently and may require such information to be filed in the public record.

2

IT IS THEREFORE ORDERED that Defendant Timothy Garcia's Motion to Seal Exhibits (Doc. 25) is GRANTED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE